## DANIELS *v.* BROWN & a.

Landlord and tenant are tenants in common of crops raised on shares, until a division is made. The tenant has a right, after he has quit the possession, to a reasonable ingress upon the land, to remove his goods and utensils. Trespass does not lie against him by the landlord, though he carries away the crops of which they are co-tenants.

The right to enter for this purpose is derived from a license in law, and if the right is abused by a resort to violence to effect the object, the tenant becomes a trespasser *ab initio*, and liable not only for the entry, but for the landlord's share of the crop carried away.

The damages for the crops must be limited to the value of the landlord's share.

THIS is an action of trespass, for breaking and entering the plaintiff's close in Nottingham, and taking and carrying away, among other things, three bushels of beans.

Upon the general issue and a brief statement, it appeared that the plaintiff owned the farm in question, and in the spring of 1853 agreed with the defendant, Brown, that he should occupy a part of the dwelling-house upon it, and should cultivate and carry on at the halves certain pieces of tillage land. Under this agreement Brown moved into the house and carried on said tillage lands, raising therefrom, among other crops, the beans in

question, which were harvested and put in the barn on the premises. The beans were thrashed and placed in barrels without being winnowed, and no division of them between Brown and the plaintiff was made. In November the plaintiff gave Brown a notice in writing, requesting him to quit the premises on the first of December, and on the 3d or 5th of December Brown moved out of the house, taking with him all his household furniture. Something was then said about removing the articles in the barn, and the plaintiff then forbade the defendant's removing any of those articles, saying they must not be taken away until there was a settlement between him and Brown. On the 7th of December the defendants, seven in number, went to the barn where the beans and other articles were, one of the barn doors being open, and the plaintiff came there soon after. The defendants informed the plaintiff that they had come to make a division of the crops and take away Brown's property. The plaintiff told them Brown had no property there, and he should therefore do nothing about a division. The defendants then proceeded to divide the beans, and took away one half of them, the plaintiff forbidding the whole proceeding; and when the plaintiff attempted to hold the barn door against them, they opened it by force.

The court instructed the jury that if the beans were in the possession of the plaintiff, and had never been divided by the consent of the plaintiff, the defendants would have no right to enter with force into the close of the plaintiff, and make division of the beans against his will, and carry away one half of them; and if they did so, the plaintiff was entitled to recover in this action for the beans so carried away; to which the defendants excepted, and moved that the verdict returned for the plaintiff may be set aside and a new trial granted.

*Stickney* and *Tuck*, for the defendants.

The instructions to the jury were erroneous.

I. The plaintiff and Brown being tenants in common of the beans, the plaintiff cannot maintain trespass against Brown for carrying them away. A tenant in common of a personal chattel

Daniels *v.* Brown.

cannot maintain trespass or trover against his co-tenant for taking and carrying away the common property. 1 Ch. Pl. 69, 157, 172 ; 2 Saund. 479 ; *St. John* v. *Standing*, 2 Johns. 468 ; *Wilson* v. *Reed*, 3 Johns. 175 ; Co. Litt. 200 ; *Gilbert* v. *Dickinson*, 7 Wend. 450 ; *Farr* v. *Smith*, 9 Wend. 338 ; *Barnes* v. *Bartlett*, 15 Pick. 75 ; Litt., sec. 323. *Farr* v. *Smith* is like this case. In *Hurd* v. *Darling*, 12 Vt. 314, it was held that one tenant in common of personal chattels cannot maintain trover against his co-tenant, except for the destruction of his interest.

In this case the crop was divisible, and Brown had a right to divide it, taking half himself and leaving the other half ; and he has thereby done the plaintiff no injustice.

II. The charge was erroneous in stating that the plaintiff was entitled to recover in this action, without specifying on which count in the writ. If the plaintiff recover on the first or third count, the costs are limited by law, but if on the second, it is discretionary with the court to limit costs or not. Comp. Stat., 492, 493, secs. 5, 6.

The case shows that no assault was committed in taking this property, though there was in removing the hay and cows.

III. The charge was erroneous in stating that the plaintiff was entitled to recover for the whole of this crop, when the plaintiff owned but half, and is entitled to recover, if at all, only the value of his interest.

IV. The charge was erroneous as to the possession. The court left it to the jury to decide whether the beans were in possession of the plaintiff or not, but there was no fact in dispute as to that. Brown lived on the plaintiff's farm, by agreement with him, and raised and harvested this crop, and left it in the barn ; he moved his family and furniture away, and went back for the property left there. These facts were undisputed and appear by the case ; the question in whose possession the beans were, was one of law for the court. Brown was as much in possession of them as the plaintiff was. The plaintiff had no actual possession. Both were present, and one had as much right to take them as the other. The plaintiff's forbidding

Brown to take them can have no effect, unless he had a right to forbid him.

One tenant in common cannot take the common property and put it in his own close, and thus deprive his co-tenant of all his right to take it again, when he has a chance ; the co-tenant has a right to enter the close and take the property, and in so doing he is guilty of no wrong.

*Marston* and *Bell,* for the plaintiff.

Each tenant in common of a chattel has an equal right to the possession thereof, but only on condition that he obtains it without entering on the close of his co-tenant. If he so enters, he is a trespasser.

The right of recaption of property *unlawfully* detained, is limited. *State* v. *Elliot,* 11 N. H. 540 ; but property owned in common, and detained by one co-tenant, is *not* unlawfully detained.

If the question whether the property in dispute was in the plaintiff's possession, is a question of law, the judge should have ruled that it *was* in his possession; but it was properly left to the jury.

The instruction as to the damages was correct. The entry and removal of the property constituted a trespass, and damages are not usually apportioned in such cases. A mere bailee, without interest, recovers the whole value of the property taken by a trespasser. A tort feasor cannot qualify his wrong. If the instruction could be held wrong in this respect, the defendant's cause of exception could be cured by a *remittitur.*

The court are not bound to instruct the jury to find a verdict upon any particular count in the declaration.

The provisions of the statute in regard to costs in actions of trespass *quare clausum* and *in personam,* do not apply to cases where a count for trespass *de bonis* is also inserted in the writ. But this exception comes too late, even if founded in a just view of the law. The defendants cannot lie by and omit to ask for a direction which was for their benefit alone, and then undertake

to avail themselves of their own neglect. They would have quite too many chances.

BELL, J. The only question raised by this case relates to the instructions to the jury. The propriety of these depends upon the property of the beans; the right of the tenant to enter upon the leased premises, after his lease has expired, and he has removed from them, to remove his property; the right of a co-tenant to take common property from the possession of his co-tenant; the right to use force in such a case, and upon the proper measure of damages.

It is settled by the court in the case of *Moulton* v. *Robinson*, 7 Foster 550, that crops raised at the halves are the common property of the landlord and tenant, until a division is made; *Ib.* 557; and this is so considered by the counsel in the argument.

A tenant, though his tenancy is dissolved and he has quit the possession, has the right to a reasonable ingress upon the land, in order to remove his goods and utensils. Comyn's L. & T. 356; Litt., sec. 69; 2 Blac. Com. 147; 4 Kent. Com. 111; *Elliott* v. *Page*, 1 Pick. 49; Com. Dig., Estates, H. 9.

If, therefore, the property here in question was the sole property of the tenant, he would have a clear right to enter on the premises to remove it, within a reasonable time. It does not seem that any question is made as to the reasonableness of the time of returning for the articles here in question.

The abstract right of a co-tenant of personal property to take it from the possession of his fellow, it is not necessary to discuss. For the present purpose it may be only necessary to consider if one co-tenant can maintain trespass against another for taking and carrying away the common property; and upon this point the law is well settled. It is thus stated by Littleton, sec. 323. " If two be possessed of chattels personal in common by divers titles, as of a horse, an ox, or a cow, and if the one take the whole to himself out of the possession of the other, the other hath no remedy, but to take this from him who hath done to him the wrong to occupy, &c., when he can see his time," &c.

Daniels v. Brown.

Co. Litt. 200, a ; Arch. Civ. Pl. 39 ; 1 Chitt. Pl. 170 ; Ham. N. P. 250.

A tenant cannot justify the use of force in obtaining possession of his property left on the leased premises. A tenant in common cannot justify the use of force in taking possession of the common property when held by his co-tenant. 3 Black. Com. 4. The entry on the property of another for either purpose, if justifiable, is so by force of a license in law. Any abuse of the power thus given, of which any resort to violence would be clearly an example, makes the party a trespasser *ab initio*. *Bennett* v. *White*, 3 N. H. 227 ; *State* v. *Moore*, 12 N. H. 42 ; *Ferrin* v. *Symonds*, 11 N. H. 363.

The entry of the tenant for the purpose of taking away his goods, or goods to which he had a right as tenant in common, was justifiable of itself, but when accompanied by violence to the owner of the property, it became a trespass from the first, and the action maintainable for all damage resulting from the tort to the real estate, and from the removal of the common property.

The rule of damages laid down by the court was erroneous. By the judgment in trespass *de bonis asportatis* the property in the goods carried away becomes vested in the trespasser, and this furnishes a rule as to the damages for such property. The plaintiff is to be compensated for his entire interest, for all that he loses by the operation of the wrong and consequent judgment, and ordinarily no more. The rule prescribed to the jury was the whole value ; the plaintiff owned but an undivided half. One tenant in common cannot make a division of the common property without the consent of the other, so as to affect the rights of either. The verdict, being founded on this error, must be set aside, unless the plaintiff shall remit one half the damages assessed by the jury.

Half the damages being remitted by the plaintiff, judgment was rendered on the verdict.